**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

UNITED STATES OF AMERICA

vs.

**EUGENE JEROME WILLIAMS,**

Defendant

NO. 5: 05-CR-34 (WDO)

**VIOLATION:** Drug Related

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned at the defendant's initial appearance. The defendant was represented by Mr. Jack Jenkins of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court, I conclude that the following facts require the detention of the above-named defendant pending trial in this case.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated June 16, 2005, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community if defendant Williams is released from custody at this time. The offense charged against him is a serious drug felony for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 130 months to 162 months should he be convicted or enter a plea of guilty. The weight of evidence appears to be strong, with cocaine being found in the course of the execution of a search warrant at his residence at the time of his apprehension.

**Defendant Williams possesses a criminal conviction record, to-wit: BURGLARY, 1985, Superior Court of Peach County, Georgia; SIMPLE POSSESSION OF COCAINE, 1997, Peach County, Georgia; and, POSSESSION WITH INTENT TO DISTRIBUTE COCAINE, 1999, Superior Court of Peach County, Georgia.**

**In the court's view, Mr. Williams poses a very real danger to the community were he to be released from custody. He has demonstrated a propensity to continue to involve himself in illegal drug activity since 1997. Pretrial detention is therefore mandated. IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 20th day of JUNE, 2005.**



**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**